SEIDL, J.
¶1 Kmart Corporation (Kmart) appeals a summary judgment granted in favor of Herzog Roofing, Inc. (Herzog), dismissing Kmart's negligence claims for property damage to one of its stores. Kmart contends the circuit court erred in determining that the economic loss doctrine barred its negligence claims against Herzog. It argues the doctrine's "other property" exception applies. We disagree and affirm.
BACKGROUND
¶2 The material facts are undisputed. Kmart operates retail stores throughout the United States, and Herzog is a commercial roofing contractor. In 2004, Kmart contracted with Herzog to install an EPDM[1] rubber roofing system on its Eau Claire store, number 4051. The parties' contract specified that Herzog was to "secure any and all permits and/or inspections required by all applicable [laws]." Although Herzog was aware that a building permit was required for the Kmart roofing project, no inspection was ever conducted and no permit was ever obtained. The parties' contract also contained a damages clause that set forth Herzog's liability for property damage arising from any "action, omission, or operation under the Contract or in connection with the work."
¶3 In February 2014, ten years after Herzog completed the project, a portion of the Eau Claire store's roof collapsed. Kmart sued Herzog, asserting claims of negligence per se, common-law negligence, and breach of contract. Kmart alleged, in relevant part, that if Herzog had applied for the required building permit, the permitting process would have resulted in an inspection by a structural engineer who would "have uncovered deficiencies in the original construction of the building and the roof support beams" and, therefore, the collapse would not have occurred. Kmart did not allege that the EPDM roofing system itself caused or contributed to the collapse. Kmart sought money damages for building repairs, inventory and fixtures damage, lost employee time devoted to cleanup efforts, and lost business income during the time the store was closed for repairs.
¶4 Kmart moved for partial summary judgment, arguing that Herzog was negligent per se for failing to obtain the building permit in violation of both the Wisconsin uniform building code and the international building code. Herzog likewise moved for summary judgment, arguing, in part, that the economic loss doctrine barred Kmart's negligence claims and that the statute of limitations barred Kmart's breach of contract claim.
¶5 The circuit court decided that Herzog was negligent per se for failing to obtain a building permit, but that there was a material issue of fact as to whether Herzog's negligence caused Kmart's damages. However, the court also concluded that, regardless of any causal negligence on Herzog's part, the economic loss doctrine barred Kmart's negligence per se claim. Further, the court determined that because the Wisconsin building code did not impose a duty on a roofer to perform a structural analysis on an existing structure, Kmart's common-law negligence claim failed as a matter of law. The circuit court also concluded that the statute of limitations barred Kmart's breach of contract claim.[2] The case was dismissed, and Kmart now appeals.
DISCUSSION
¶6 We review a grant of summary judgment de novo, applying the same methodology as the circuit court. Burgraff v. Menard, Inc. , 2016 WI 11, ¶ 20, 367 Wis. 2d 50, 875 N.W.2d 596. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. We also independently review whether the economic loss doctrine bars a claim under a given set of facts. Linden v. Cascade Stone Co. , 2005 WI 113, ¶ 5, 283 Wis. 2d 606, 699 N.W.2d 189.
¶7 The economic loss doctrine is a judicially created doctrine that preserves the distinction between contract law and tort law. Id. , ¶ 7. It does so by generally barring contracting parties from pursuing tort claims-and consequently limiting them to contract claims-for economic losses arising from the parties' contractual relationship. Kaloti Enters., Inc. v. Kellogg Sales Co. , 2005 WI 111, ¶ 27, 283 Wis. 2d 555, 699 N.W.2d 205. As pertinent here, two conditions must be met for the doctrine to apply: (1) the contract between the parties must be predominantly for the sale of a product; and (2) the purchaser must be seeking compensation solely for economic damages. Linden , 283 Wis. 2d 606, ¶¶ 6, 8. We employ the predominant purpose test to determine whether the first condition is met. Id. , ¶ 8. And in this case, we analyze whether Kmart's damages were to "other property" to determine if the second condition is met. See id. , ¶ 6.
I. The predominant purpose test
¶8 When a contract encompasses both products and services, we apply the predominant purpose test to determine whether the economic loss doctrine applies to the contract. Id. , ¶ 8. If the contract is predominantly for the sale of a product, then the economic loss doctrine applies. Id. Conversely, if the contract is predominantly for the provision of services, the doctrine does not apply. Id. We consider the totality of the circumstances, including both objective and subjective factors, to determine the predominant purpose of a contract. Id. , ¶ 22. Specific factors that may be considered include the language of the contract, the intrinsic worth of the materials, and the primary objective that the parties hoped to achieve by entering into the contract. Id. , ¶ 21.
¶9 Here, the parties agree that they had a mixed contract encompassing both a product--the roofing membrane--and services--securing the building permit, arranging for a building inspection, and installing the roofing membrane. Herzog argues that the primary objective of the parties' agreement was to secure the requested product-i.e., the roofing membrane-and therefore the economic loss doctrine applies. We agree, and, in fact, Kmart effectively concedes as much in its reply brief, stating that it "certainly is true" that the economic loss doctrine applies to the contract.
¶10 Nonetheless, Kmart attempts to parse out the applicability of the economic loss doctrine by framing its negligence claims as seeking recovery only for Herzog's breach of the service portion of the contract, and not the failure of the roofing membrane itself. This argument fails because when the predominant purpose of a contract is for a product, the economic loss doctrine applies to the contract as whole. See 1325 N. Van Buren, LLC v. T-3 Grp., Ltd. , 2006 WI 94, ¶ 50, 293 Wis. 2d 410, 716 N.W.2d 822. In other words, because the predominant purpose of the parties' contract was for the roofing membrane, all aspects of the contractual relationship for the provision of that membrane-including the performance of any necessary services-are governed by the economic loss doctrine. We therefore proceed to analyze whether Kmart seeks compensation solely for economic damages arising from the parties' contract.
II. The "other property" exception
¶11 Kmart argues that it is not seeking compensation solely for economic damages because the "other property" exception to the economic loss doctrine applies. Economic damages include damages to the product itself and monetary losses caused by the product. Linden , 283 Wis. 2d 606, ¶ 6. However, economic damages do not include losses due to personal injury or damage to "other property." Id. Under the economic loss doctrine, "other property" does not literally refer to all property other than the bargained-for product. Foremost Farms USA Coop. v. Performance Process, Inc. , 2006 WI App 246, ¶¶ 13-14, 297 Wis. 2d 724, 726 N.W. 2d 289. Instead, "other property" refers to: (1) property that was not part of an integrated system with the bargained-for product; and (2) property that was outside of the scope of the party's bargaining. Grams v. Milk Prods., Inc. , 2005 WI 112, ¶¶ 27, 31, 283 Wis. 2d 511, 699 N.W.2d 167. Accordingly, we apply a two-step analysis to determine whether damaged property is "other property." State Farm Fire & Cas. Co. v. Hague Quality Water, Int'l , 2013 WI App 10, ¶ 6, 345 Wis. 2d 741, 826 N.W.2d 412, aff'd by an equally divided court , 2014 WI 5, 352 Wis. 2d 308, 841 N.W.2d 819.
¶12 First, we apply the "integrated systems" test to determine if the damaged property and the product for which the parties contracted are part of an integrated system. If they are, the "other property" exception does not apply. Id. , ¶ 7. Second, we apply the "disappointed expectations" test to determine whether the purchaser should have foreseen the need to seek protection against its loss through the contract. Foremost Farms , 297 Wis. 2d 724, ¶ 17. The damaged property must survive both tests to be considered "other property," and thereby allow a tort claim between contracting parties to survive summary judgment. Hague , 345 Wis. 2d 741, ¶ 7.
A. Integrated systems test
¶13 The integrated systems test looks to whether the allegedly defective product is an integral component in a larger system. Id. , ¶ 8. The test is applied the same, regardless of whether the allegedly defective component at issue is the product itself or the service of installing the product. Linden , 283 Wis. 2d 606, ¶¶ 26-28. The product is considered an integral component of a larger system if it has no function apart from its value to the larger system. Foremost Farms , 297 Wis. 2d 724, ¶ 15. When that is the case, the other parts of the system of which the product is an integral component are not considered "other property." Id.
¶14 For example, in Linden , homeowners sued two subcontractors for alleged faulty workmanship in the construction of their house. Linden , 283 Wis. 2d 606, ¶ 1. One subcontractor applied exterior stucco to the house, and the other shingled the house's roof. Id. , ¶ 2. The homeowners alleged that the negligent installation of the stucco and the shingles led to water infiltration that caused deterioration, mold, and deficient air quality in the house. Id. , ¶ 3. Our supreme court held that both the stucco walls and shingled roof had no independent value apart from their function as part of the house. Id. , ¶ 28. Therefore, the damage that the negligent installation of the stucco walls and shingled roof caused to the rest of the house was not damage to "other property," and the economic loss doctrine barred the homeowners' claims. Id. , ¶ 29.
¶15 Here, Kmart seeks compensation for damages to its building resulting from Herzog's negligence. We conclude that the roof and walls on the Eau Claire Kmart store, like the exterior walls and roof in Linden , had no value outside of their function as a part of the building structure as a whole. Kmart makes no argument against this conclusion with regard to damage to the roof and walls. Accordingly, the damage to the building itself was not to "other property," and Kmart's negligence claims seeking compensation for those damages are barred by the economic loss doctrine.
¶16 However, we agree with Kmart that the damage to the store's inventory and fixtures, cleanup costs, lost employee time, and lost profits, were not part of an integrated system with the roof. Damage to that property had value apart from the value of the building itself. Thus, we proceed to analyze those losses under the disappointed expectations test.
B. Disappointed expectations test
¶17 The disappointed expectations test looks to the expected function of the product contracted for, and whether the purchaser should have foreseen that the product's failure could cause the damage suffered. Hague , 345 Wis. 2d 741, ¶ 7. The contract principles of bargaining and risk sharing are the basis for this test, not a redefinition of "other property." Grams , 283 Wis. 2d 511, ¶ 32. Put simply, tort recovery is precluded when the purchaser should have protected against the suffered loss through damage provisions set forth in the contract. Foremost Farms , 297 Wis. 2d 724, ¶ 17.
¶18 To determine whether the loss is one that the purchaser should have protected against through contractual terms, we ask whether the risk of the damage suffered was reasonably foreseeable to the purchaser. Id. , ¶¶ 17-19. To answer this question, we perform a two-step analysis. Hague , 345 Wis. 2d 741, ¶ 14. First, we determine the reasonable expectations in the product's performance that the purchaser had at the time of purchase. Id. We do so by conducting an objective inquiry into the substance and purpose of the parties' transaction. Id. Second, we determine whether the purchaser's claim concerns the disappointment of those expectations. Id.
¶19 Here, we agree with Herzog that Kmart, as a reasonable purchaser, would expect the roofing membrane to be installed safely and that its failure would cause damage to the store's inventory and fixtures, cleanup costs, lost employee time, and lost profits. Furthermore, it was reasonably foreseeable that, should Herzog fail to obtain the building permit and no structural inspection of the building occur, any existing structural defect would go undiscovered and a roof collapse may occur, causing the same type of damages.
¶20 The parties' contract plainly demonstrates they contemplated the risk that a structural defect in the roof may cause damages, as they specifically wrote into the contract that Herzog was to obtain any necessary building permits and conduct any necessary inspections. Moreover, the parties wrote into the contract that Herzog would be liable for damages arising from "any action, omission or operation under the Contract." That is precisely what Kmart is now trying to do: hold Herzog liable for damage to the store's inventory and fixtures, cleanup costs, lost employee time, and lost profits due to Herzog's failure to install the roofing membrane according to the terms of the contract. Stated otherwise, Kmart is attempting to hold Herzog liable because Kmart's expectation that Herzog would install the roofing membrane according to the terms of the parties' contract was disappointed.
¶21 It is undisputed that any potential breach of contract claim is barred by the statute of limitations. At its core, the purpose of the economic loss doctrine is to prevent contracting parties from performing an "end run" around the bargained-for terms of their contract and thereby drown contract law in a sea of tort. Grams , 283 Wis. 2d 511, ¶¶ 7, 55 n.12. To allow Kmart to rescue its time-barred contract claim and recover in tort what are essentially contract damages would allow such an end run. See Bay Breeze Condo. Ass'n, Inc. v. Norco Windows, Inc. , 2002 WI App 205, ¶ 28, 257 Wis. 2d 511, 651 N.W.2d 738. Because the risk of the remaining damages Kmart seeks compensation for was foreseen, and the parties contracted for the liability for those damages, the damages do not meet the "other property" exception.
CONCLUSION
¶22 We conclude, as did the circuit court, that Herzog is entitled to summary judgment as a matter of law. The parties entered into a contract that is governed by the economic loss doctrine, and no exception to the doctrine applies. Therefore, Kmart's negligence claims are barred.
By the Court. -Order affirmed.
Not recommended for publication in the official reports.

EPDM is a synthetic rubber membrane (ethylene propylene diene terpolymer) commonly used in roofing operations. See Travelers Prop. Cas. Co. of Am. v. Brookwood, LLC , 283 F. Supp. 3d 1153, 1156 n.2 (N.D. Ala. 2017).

Kmart does not appeal this decision.